UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTA WESTBROOK,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN PABLO HEALTHCARE & WELLNESS CENTER,<br><br>    Defendant. | Case No. 21-cv-06474-JD<br><br>**ORDER RE REMAND** |

Plaintiff Lynetta Westbrook, as heir and successor-in-interest to decedent Alex Pollard, has sued defendant San Pablo Healthcare & Wellness Center, LLC (San Pablo), a residential skilled nursing facility. Westbrook alleges California state law claims of elder abuse, negligence, and wrongful death, arising out of the death of Pollard from COVID-19 while receiving care at San Pablo. Dkt. No. 1, Ex. A (Compl.).

The complaint was originally filed in the Superior Court of California for the County of Contra Costa, but San Pablo removed the case under 28 U.S.C. §§ 1441, 1442, and 1446. Dkt. No. 1. Plaintiff has asked to remand the case. Dkt. No. 16. The parties' familiarity with the record is assumed, and the case is remanded to the Superior Court.

**DISCUSSION**

A remand is required because a recent decision by the circuit in a very similar case, *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022), squarely rejected all three of the bases put forward by San Pablo here in support of federal subject matter jurisdiction. San Pablo acknowledges that the Court is "currently bound by the precedent set by" *Saldana*, but nevertheless urges that the case was "incorrectly decided" and may be appealed, and so the Court should "stay proceedings until the United States Supreme Court has issued a decision in *Saldana*

or until the time for filing a petition for writ of certiorari has passed." Dkt. No. 17 at 5.  The Court declines the request for a stay.  Not only does it lack good cause, the Court had in any event reached the same conclusions as *Saldana* in an earlier-filed order in *Jalili-Farshchi v. Aldersly*, No. 3:21-cv-04727-JD, 2021 WL 6133168 (N.D. Cal. Dec. 29, 2021).

For the specific grounds on which this case was removed, San Pablo's complete preemption argument based on the federal Public Readiness and Emergency Preparedness (PREP) Act, 42 U.S.C. § 247d-6d, Dkt. No. 1 at 3-10, is without merit.  As the circuit held in *Saldana*, 27 F.4th at 688, "the PREP Act is not a complete preemption statute."  *See also Jalili-Farshchi*, 2021 WL 6133168, at *2 (reaching same conclusion).

San Pablo's assertion of federal jurisdiction based on an "embedded" federal question, Dkt. No. 17 at 17 & Dkt. No. 1 at 10-12, has also been rejected.  *See Saldana*, 27 F.4th at 688-89 ("On its face, [a federal issue under the PREP Act] is not a 'substantial' part of the [plaintiffs'] complaint because, according to the complaint, only some of the steps [defendant] allegedly took, and did not take, may have involved a 'covered person,' under the PREP Act.  Thus, remand is proper because the complaint does not present an embedded federal question."); *see also Jalili-Farshchi*, 2021 WL 6133168, at *3 ("Interpretation of federal statutes, including the PREP Act, is not an essential part of any of plaintiffs' state law claims.  And [defendant's] invocation of immunity under the PREP Act is a defense to, rather than a necessary component of, plaintiffs' claims, which [defendant] will not be precluded from raising in state court.").

Finally, San Pablo's assertion of federal officer jurisdiction under 28 U.S.C. § 1442(a)(1), Dkt. No. 1 at 12-16, also fails.  *See Saldana*, 27 F.4th at 683-86 ("All that Glenhaven has demonstrated is that it operated as a private entity subject to government regulations, and that during the COVID-19 pandemic it received additional regulations and recommendations from federal agencies.  Thus, Glenhaven was not 'acting under' a federal officer or agency as contemplated by the federal officer removal statute.  And because Glenhaven did not act under a federal officer, there is no causal nexus that allows removal under 28 U.S.C. § 1442."); *see also Jalili-Farshchi*, 2021 WL 6133168, at *3-4 (finding that elder care facility's response to COVID-19 consistent with the directives of the Center for Disease Control, Center for Medicare and

Medicaid Services, and California Department of Public Health was "not enough for removal on federal officer grounds").

This disposes of all three of San Pablo's removal arguments. Plaintiff has requested fees "for improper removal pursuant to 28 U.S.C. § 1447(c)." Dkt. No. 16 at 11. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, San Pablo's notice of removal pre-dated the Court's *Jalili-Farshchi* decision by four months, and the circuit's *Saldana* decision by six. The request for fees is denied on that basis.

## CONCLUSION

The case is remanded to the Superior Court of California for the County of Contra Costa.

**IT IS SO ORDERED.**

Dated: June 9, 2022

JAMES DONATO
United States District Judge